IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY HODGES,

                     Petitioner,

     v.                                     CASE NO. 06-3286-RDR

DUKE TERRELL,

                     Respondent.

**O R D E R**

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Petitioner did not pay the $5.00 district court filing fee, 28 U.S.C. § 1914, and did not submit a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. The court grants petitioner additional time to satisfy one of these statutory requirements for proceeding in this matter.

Having examined the petitioner's habeas application, the court directs petitioner to show cause why the petition should not be dismissed.

Petitioner challenges the legality of his confinement pursuant to his 1998 jury conviction in the District of Kansas on one count of possession with intent to distribute cocaine base. See United States v. Hodges, Case No. 98-20044-KHV (D.Kan. February 25, 1999),

*affirmed* (10th Cir. April 20, 2000).[1]  Petitioner contends the judgment and commitment order entered in that case is void, and argues he is thus entitled to seek relief under 28 U.S.C. §§ 1651 and 2241(c)(3).  The court disagrees.

A petition under 28 U.S.C. § 2255 attacks the legality of a prisoner's detention pursuant to a federal court judgment, and must be filed in the district court that imposed the sentence.  <u>Haugh v. Booker</u>, 210 F.3d 1147, 1149 (10th Cir. 2000). *See also* <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809 (10th Cir. 1997)(§ 2241 petitions are used to attack execution of sentence, in contrast to § 2254 and § 2255 proceedings which are used to collaterally attack the validity of a conviction and sentence).  It is well recognized that 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255."  <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996); <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).  A petitioner may seek relief under 28 U.S.C. § 2241 only if he shows the remedy available 28 U.S.C. § 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence.[2]  <u>Bradshaw</u>,

---

[1]Court records disclose that petitioner thereafter sought relief under 28 U.S.C. § 2255 without success, and that the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed petitioner's appeal.

[2]This "savings clause" text appears in 28 U.S.C. § 2255 which prohibits the district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief under § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*" (emphasis added).

2

86 F.3d at 166.  *See also* <u>Williams v. United States</u>, 323 F.2d at 673 (for federal prisoners, § 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention").  The "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." <u>Id</u>. (quotation omitted).  Nor is 28 U.S.C. § 2255 rendered inadequate or ineffective by the mere fact that petitioner is procedurally barred from filing a second or successive § 2255 application.  *See* <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1179 (10th Cir. 1999).

Accordingly, absent a showing the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of petitioner's confinement, the court finds petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 is subject to being dismissed because this court lacks jurisdiction to consider allegations of constitutional error in petitioner's federal conviction and sentence.  The failure to file a timely response may result in the petition being dismissed without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to pay the $5.00 district court filing fee, or to submit an executed form motion for filing under 28 U.S.C. § 1915 that is supported by an appropriate financial record.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed because this court lacks subject matter jurisdiction under 28 U.S.C. § 2241 to consider petitioner's claims.

3

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

DATED:  This 24th day of October 2006, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge