IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY HODGES,

                        Petitioner,

            v.                              CASE NO. 06-3286-RDR

DUKE TERRELL,

                        Respondent.



O R D E R

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 and has paid the $5.00 district court filing fee.

Petitioner challenges his confinement pursuant to his 1998 jury conviction in the District of Kansas on one count of possession with intent to distribute cocaine base.   *See* <u>United States v. Hodges</u>, Case No. 98-20044-KHV (D.Kan. February 25, 1999), *affirmed* (10th Cir. April 20, 2000).[1]   Petitioner contends the judgment and commitment order entered in that case is void, and argues he is thus entitled to seek relief under 28 U.S.C. §§ 1651 and 2241(c)(3).

By an order dated October 24, 2006, the court found that absent

---

[1]Court records disclose that petitioner thereafter sought relief under 28 U.S.C. § 2255 without success, and that the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed petitioner's appeal.

supplementation of the petition to show the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of petitioner's confinement, the petition was subject to being dismissed for lack of jurisdiction.

In response, petitioner states he is seeking the production of records and documents in the possession of the United States Attorney for the District of Kansas, pursuant to Fed.R.Crim.P. Rule 6(f), namely a transcript of the grand jury proceedings in his 1998 criminal case.   Because this response fails to demonstrate any basis for establishing subject matter jurisdiction under 28 U.S.C. § 2241, the court dismisses petitioner's habeas application. Additionally, to the extent petitioner's pro se pleadings can be liberally construed as seeking mandamus relief under 28 U.S.C. § 1651, the court finds no clear and indisputable right to the relief being requested has been demonstrated to warrant such relief. *See* Weston v. Mann (In re Weston), 18 F.3d 860, 864 (10th Cir. 1994)(mandamus is a drastic remedy available only upon a showing of a clear and indisputable right to the relief requested).

Petitioner also seeks leave to amend or supplement his habeas petition (1) to assert jurisdiction under the Administrative Procedure Act, the Privacy Act, and the Freedom of Information Act, to dismiss Warden Terrell as a respondent, and (2) to name the United States Attorney General and the Attorney General for the District of Kansas as defendants.   The court denies these requests without prejudice to plaintiff pursuing such relief in a separate civil action filed after plaintiff has first exhausted administrative remedies. *See* 42 U.S.C. § 1997e(a).   To file any

such action, plaintiff must either pay the $350.00 district court filing fee, or seek and obtain leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS THEREFORE ORDERED that petitioner's motion to amend or supplement the petition (Doc. 3) is denied.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 is dismissed for lack of subject matter jurisdiction, and that mandamus relief under 28 U.S.C. § 1651 is denied.

DATED:  This 12th day of January 2007, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge